# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JORDAN PARKER, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:17-CV-2661 NAB<br>) |
| HERBERT L. BERNSEN, | )<br>) |
| Respondent. | )<br>) |

## MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. After review of the application for writ of habeas corpus, the Court will deny and dismiss this action.

## Background

On June 15, 2016, a grand jury indicted petitioner in Missouri State Court on ten Class C and D felonies: Assault in the 2nd Degree; two counts of Leaving the Scene of a Motor Vehicle Accident; Tampering with a Motor Vehicle in the 1st Degree; two counts of Resisting Arrest/Detention/Stop by Fleeing; Possession of a Controlled Substance; and three counts of Unlawful Possession of a Firearm. *Missouri v. Parker*, No. 16SL-CR03375-01 (City of St. Louis).

Petitioner filed the instant action on October 30, 2017, asserting that his right to speedy trial had been violated. He seeks an order from this Court dismissing his state criminal charges. In his handwritten and pro se petition, petitioner also states that he has been incarcerated pursuant to a warrant for his arrest since May of 2016. He claims that the DNA swab taken from

him during the course of his arrest was a violation of his civil rights.[1] Last, petitioner asserts that he believes *Brady* violations are occurring in his criminal action in that the prosecutor is not turning over all the exculpatory evidence she has in her possession.

The Court has reviewed petitioner's criminal case docket on Missouri.Case.Net and found that petitioner is represented in his state criminal case by a Missouri Public Defender. *See Missouri v. Parker*, No. 16SL-CR03375-01 (City of St. Louis).

## Discussion

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law and must not be merely conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies.[2] Petitioner's allegations are

---

[1] Pretrial evidentiary issues, pursuant to the Fourth Amendment, are best resolved in front of the criminal court where petitioner's case is currently pending by petitioner's criminal attorney.

2

conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial. Petitioner has failed to include enough facts to allow the Court to evaluate his conclusory "speedy trial" allegations, and most importantly, the claims raised by **petitioner can be adequately raised with his state criminal counsel**, at his criminal trial and in his subsequent state proceedings.

The Court has reviewed petitioner's state criminal docket via Mo.Case.Net and found that although he has raised a pro se "motion to dismiss his criminal action for speedy trial," pursuant to Mo.Rev.Stat. § 545.780[3] on April 24, 2017, with the City of St. Louis, **his motion was not filed through his attorney.**

Additionally, his counsel, in a hearing held on October 6, 2017, requested a continuance of the trial date in order to look into additional discovery on behalf of petitioner. When a criminal defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Adams*, 691 S.W.2d 432 (Mo.Ct.App.1985); *State v. Cannon*, 692 S.W.2d 357 (Mo.Ct.App.1985); *State v. Daly*, 731 S.W.2d 315 (Mo.Ct.App.1987);

---

[2]In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden*, 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a state petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner has not alleged, nor has the Court found, that petitioner exhausted his state remedies prior to bringing this action.

[3] Petitioner refers to "180-day rule" in his application for writ. The Missouri Speedy Trial Act, sometimes called the 180-day rule, was **repealed** effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant, usually through counsel, indicates he is ready for trial and requests a speedy trial. Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus in the **state court.** (emphasis added)

3

*State v. Clark*, 723 S.W.2d 17 (Mo.Ct.App.1986). As a result, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS HEREBY ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of November, 2017.

                                           RONNIE L. WHITE
                                           UNITED STATES DISTRICT JUDGE